**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-7609-JFW(MARx)** | Date: October 22, 2025 |
| Title: | Michael Morse -v- The Hertz Corporation, et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**  **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

    On August 14, 2025, Plaintiff Michael Morse ("Plaintiff") filed a Complaint in this Court against Defendants The Hertz Corporation ("Hertz Corporation"), Hertz Vehicles LLC ("Hertz Vehicles"), Dollar Rent A Car Inc. ("Dollar"), Thrifty Rent A Car System Inc. ("Thrifty"), and Mirra Simpson ("Simpson") (collectively, "Defendants"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  However, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction'").

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).[1]  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens"); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen").

    In this case, Plaintiff has failed to allege the citizenship of Simpson.  In addition, Plaintiff alleges that Hertz Vehicles "is a Delaware corporation with principal executive offices located [in] . . . Estero, Florida.  Complaint, ¶ 11.  However, Hertz Vehicles appears to be a limited liability

---

[1] Plaintiff has alleged that the amount in controversy exceeds $75,000.

company, not a corporation, and Plaintiff has failed to allege any of Hertz Vehicles' members. With respect to Thrifty, Plaintiff alleges that it is "an Oklahoma limited liability company with principal executive offices located [in] . . . Estero, Florida. However, Plaintiff has failed to allege any of Thrifty's members. "In this Court's view, [Plaintiff] cannot sufficiently demonstrate the citizenship of the members of a limited liability company (or partnership) without alleging who those members are, so that the Court can determine whether the members themselves are limited liability companies (or partnerships).'" *See Neerman v. Cates,* 2022 WL 18278398 (C.D. Cal. July 22, 2022) (*quoting Matrix International Textile, Inc. v. DMD International, Ltd.*, 2012 WL 12903645, at *1 (C.D. Cal. July 31, 2012)); *see also PFFJ, LLC v. Cypress Benefit Admm'rs*, 2010 WL 3800920 (D. Ariz. Sept. 22, 2010) ("As to each party that is a limited liability company, the amended complaint must affirmatively identify each member of that party and state the citizenship of each member"). As a result, Plaintiff has failed to demonstrate that complete diversity exists and, thus, the Court cannot determine if it has subject matter jurisdiction over this action.

Accordingly, Plaintiff is hereby ordered to show cause, in writing, on or before **October 24, 2025**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction. The deadline for Defendants to respond to Plaintiff's Complaint is continued until October 31, 2025.

IT IS SO ORDERED.